IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID AND BARBARA STULTS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 5:11-cv-04077-MWB |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN POP CORN COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FIRMENICH, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT (Doc. 2)**

For its Answer to Plaintiffs' Complaint (Doc. 2), Defendant Firmenich Incorporated ("Firmenich") states:

## JURISDICTION AND VENUE

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Firmenich denies the allegations contained in paragraph 1.

2.      Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.      Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4 - 12. Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4-12.

1

13.     Firmenich admits the allegations contained in paragraph 13.

14.     Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14.

## ANSWER TO "GENERAL ALLEGATIONS"

15.     Firmenich believes these companies manufactured or sold microwave popcorn, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16.     Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, except to admit that at certain times Firmenich manufactured and/or sold some butter flavoring products that contained diacetyl and/or pentanedione, and that on information and belief at certain times some customers may have used such products as part of butter flavoring for microwave popcorn.

17.     Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Firmenich denies the allegations in paragraph 18 as stated, except the allegations of Plaintiff purchasing, preparing, or consuming microwave popcorn, which are allegations of which Firmenich is without knowledge or information sufficient to form a belief as to their truth.

19.     Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Firmenich denies the allegations contained in paragraph 20 as stated.  Firmenich denies that diacetyl and/or pentanedione has been proven to cause all of the effects listed in the Complaint. Firmenich admits that some reviews of pulmonary health in popcorn manufacturing plants have suggested an association between significant or prolonged exposure to high levels of

2

diacetyl, in the absence of adequate ventilation or respiratory protection, and findings consistent with bronchiolitis obliterans and certain lung injury.

21.    Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and denies the implication that the products Firmenich manufactured and/or sold, and with which Plaintiffs allegedly had contact, if any, are hazardous when used as directed.

22-24. Firmenich is without knowledge or information sufficient to form a belief as to Plaintiff's alleged medical condition; the remaining allegations contained in paragraph 22-24, insofar as they are directed to Firmenich, are denied.

25.    Firmenich is without knowledge or information sufficient to form a belief as to Plaintiff's alleged medical condition and earnings; the remaining allegations contained in paragraph 25, insofar as they are directed to Firmenich, are denied.

## COUNT I-STRICT LIABILITY

26.    Firmenich repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein

27.    Firmenich is without knowledge or information sufficient to form a belief as to the allegations of paragraph 27, except to admit that at certain times Firmenich manufactured and/or sold some butter flavoring products, and that on information and belief at certain times some customers may have used such products as part of butter flavoring for microwave popcorn.

28.    Paragraph 28 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as the allegations are directed at Firmenich, the allegations in paragraph 28 are denied.

29.     Paragraph 29 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as the allegations are directed at Firmenich, the allegations in paragraph 29 are denied.  Additionally, Firmenich is without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Defendants' products.

30.     Firmenich is without knowledge or information sufficient to form a belief as to the allegations of paragraph 30, except to admit that at certain times Firmenich manufactured and/or sold some butter flavoring products.

31.     Paragraph 31 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as the allegations are directed at Firmenich, the allegations in paragraph 31 are denied.

32.     Paragraph 32 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as the allegations are directed at Firmenich, the allegations in paragraph 32 are denied.

33.     Paragraph 33 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as the allegations are directed at Firmenich, the allegations in paragraph 33 are denied.

## COUNT II-NEGLIGENCE

34.     Firmenich repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

35.     Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Firmenich is without knowledge or information sufficient to forms a belief as to the allegations concerning other Defendants, and denies the remaining allegations contained in paragraph 36.

37.     Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, except as they relate to Firmenich.  Insofar as they are directed to Firmenich, Firmenich denies all other allegations in paragraph 37, except to admit that Firmenich manufactured and sold butter flavorings, some of which contained small amounts of diacetyl and/or pentanedione, and on information and belief some of Firmenich's customers used butter flavorings in consumer food products.

38.     Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, except as they relate to Firmenich.  Insofar as they are directed to Firmenich, the allegations contained in paragraph 38 are denied.

39.     Insofar as they are directed to Firmenich, the allegations contained in paragraph 39 are denied.  Firmenich further denies the Complaint's characterization of an alleged risk associated with its products when used as directed.

40.     Paragraph 40 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 40 are denied.  Firmenich further denies that this paragraph accurately describes either the legal standards applicable to product sellers or Defendants' legal duties under applicable law.

41.     Paragraph 41 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 41 are denied.

42.    Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 42 are denied.

## COUNT III-BREACH OF IMPLIED WARRANTIES

43.    Firmenich repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

44.    Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 44 are denied.  Firmenich further denies that this paragraph accurately describes legal standards applicable to product sellers or to Firmenich sales in particular.

45.    Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 45 are denied.  Firmenich further denies that this paragraph accurately describes legal standards applicable to product sellers or to Firmenich sales in particular.

46.    Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.    Firmenich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.    Paragraph 48 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 48 are denied.

49.     Firmenich is without knowledge or information sufficient to form a belief as to Plaintiff's alleged medical condition; the remaining allegations contained in paragraph 49, insofar as they are directed to Firmenich, are denied.

50.     Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 50 are denied.

## COUNT IV-LOSS OF CONSORTIUM/CLAIM FOR MEDICAL EXPENSES

51.     Firmenich repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

52.     Insofar as they are directed to Firmenich, the allegations contained in paragraph 52 are denied.

53.     Paragraph 53 contains legal conclusions to which no response is required.  To the extent a response is required, and insofar as they are directed to Firmenich, the allegations contained in paragraph 53 are denied.

## AFFIRMATIVE DEFENSES

As further and separate affirmative defenses, Defendant, Firmenich Incorporated, alleges as to Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Firmenich upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs knowingly and voluntarily consented or assumed any and all risks associated with the use of the products at issue in this case, and such assumption of the risk or consent bars

in whole or in part the damages Plaintiffs seek to recover herein, and/or any risk was obvious and foreseeable.

## THIRD AFFIRMATIVE DEFENSE

At all times mentioned herein Plaintiffs were negligent, careless and at fault, and conducted themselves so as to contribute substantially to her alleged injuries and damages. Said negligence, carelessness and fault of Plaintiffs bar in whole or in part the damage which Plaintiffs seek to recover herein. Plaintiffs' recovery should be reduced or barred pursuant to state law, including but not limited to Iowa Code Chapter 668.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries attributable to the use of the product at issue in this case, which liability is expressly denied, were caused by the negligence, carelessness, fault, strict liability, or omissions of third parties for whom Defendant, Firmenich Incorporated, did not have any legal responsibility, control or right of control at the time of the time of the occurrence of the injury in question. This third party conduct was the proximate and/or sole proximate, and/or producing and/or sole producing and/or new and independent cause of any injuries or damages to the Plaintiffs. The fault of all such parties, including the Plaintiffs, and its legal effect should be determined and applied pursuant to state law, including but not limited to Iowa Code Chapter 668.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries attributable to the use of the product at issue in this case, which liability is expressly denied, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

## SIXTH AFFIRMATIVE DEFENSE

The products at issue were altered after they left the control, custody and possession of Defendant, Firmenich Incorporated, and said alteration relieves Defendant from any and all liability.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the applicable statute(s) of limitations and/or statute(s) of repose.

## NINTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, Firmenich's product conformed to state-of-the-art for such product at that time.

## TENTH AFFIRMATIVE DEFENSE

Defendant, Firmenich Incorporated, is not liable for any alleged injury caused by the alleged defective design of the product at issue because the benefits and utility of the product at issue outweigh any risks, which risks are expressly denied, and/or any such risks cannot be eliminated without sacrificing product function, and/or there was no reasonable or feasible alternative design, and/or the product was unavoidably unsafe.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event Defendant, Firmenich Incorporated, is held liable to Plaintiffs, which liability is expressly denied, any recovery must be reduced in the amount received or reasonably expected to be received by Plaintiffs from a collateral source in accordance with applicable law.

9

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited pursuant to applicable law regarding limitations of awards, caps on recovery, and setoffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Firmenich's product allegedly at issue was supplied to a sophisticated or knowledgeable user that is an entity responsible for the safety of its own products. Defendant has no legal duty to warn others of the risks of their using other sellers' products, if any. Moreover, Plaintiffs' claims are barred in whole or part by the sophisticated user doctrine, component parts doctrine, and/or bulk supplier's doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

The product at issue was manufactured and sold in conformity with all applicable laws and regulations at all relevant times.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims relate to statements or other activities protected by the First Amendment to the Constitution of the United States, the *Noerr-Pennington* doctrine, and applicable state constitutions, such claims are barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant, Firmenich Incorporated, are preempted, in whole or in part, by federal laws and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent released or settled by Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims are barred in whole or part by an absence of privity; absence of reliance; absence of a particular purpose; absence of timely and adequate notice; and because they were disclaimed or limited in whole or in part.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state facts sufficient to entitle them to an award of punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Because both Firmenich's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Firmenich's due process rights under the Federal and State Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages by a jury that (1) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and does not define with sufficient clarity the conduct or mental state that makes an award of punitive damages permissible; (2) is not expressly instructed that any award of punitive damages is discretionary and limited to the amount necessary to punish the defendant and to deter others from similar wrongdoing; (3) is not expressly prohibited from considering improper criteria such as defendants' residence, corporate status, and/or wealth in determining whether and/or how much to award in punitive damages; (4) is not subject to trial court and appellate judicial review for reasonableness on the basis of objective standards; (5) is not provided constitutionally adequate standards of sufficient clarity

for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; and (6) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages, would violate Firmenich's privileges and immunities, due process, and equal protection rights, and Firmenich's right against imposition of excessive fines, guaranteed by the Federal and State Constitutions; it would further be improper under common law and as a matter of public policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against Firmenich cannot be sustained because an award of punitive damages jointly and severally against some or all of the defendants without apportionment among them based on their own conduct would violate Firmenich's equal protection and due process rights under the Federal and State Constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

While at all times denying that Plaintiffs are entitled to actual or punitive damages in any amount, an award on Plaintiffs' claim for punitive damages against Firmenich would be impermissible to the extent that such award (1) is entirely disproportionate to the amount of actual damages, (2) does not bear a reasonable relationship to the injury suffered, (3) does not bear a reasonable relationship to compensatory damages, or (4) does not have some correlation to the cause of such injury.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The standards for determining liability for and the amount of punitive damages fail to give Firmenich prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of Firmenich's due process rights guaranteed by the Federal and State Constitutions.  Plaintiffs'

claim for punitive damages cannot be sustained because Firmenich did not in fact receive fair notice not only of the conduct that will subject it to punishment but also of the severity of the penalty that may be imposed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained to the extent any such award is not based solely on conduct that was directed to the Plaintiffs and occurred within Iowa, or a single state, and that does not limit its consideration only to the interests of Iowa residents, or residents of a single state.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Iowa, Firmenich reserves its right to assert other or related defenses available under such state's common law, product liability acts, and/or consumer protection statutes.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(3), the Northern District of Iowa is an improper venue.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

In the event Plaintiffs have suffered any legally cognizable injury or damages, which is denied, there is no proximate or other causal connection between the actions or failure to act on the part of Firmenich and the damages, injuries, and/or losses alleged by Plaintiffs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by Plaintiffs were caused in whole or in part by pre-existing physical, mental, emotional, and psychological conditions of the Plaintiffs for which Firmenich has no legal responsibility or liability.

## THIRTIETH AFFIRMATIVE DEFENSE

If Plaintiffs sustained the injuries alleged in the Complaint, they were caused by an idiosyncratic or allergic reason, without any negligence, defect, or failure on the part of Firmenich.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any exposure of Plaintiffs to Firmenich's product or products, which exposure is vigorously denied, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused Plaintiffs' alleged injuries or damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Firmenich is not subject to personal jurisdiction in the Northern District of Iowa.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.  Furthermore, Firmenich cannot constitutionally be held liable under retroactive theories or theories not requiring proof of fault and causation.

WHEREFORE, Defendant, Firmenich Incorporated, prays that:   (1) Plaintiffs take nothing by reason of her Complaint; (2) that the Complaint against Defendant, Firmenich Incorporated, be dismissed in its entirety; (3) Defendant, Firmenich Incorporated, recover its

costs; and (4) this Court award such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant, Firmenich Incorporated, demands a trial by the maximum number of jurors permitted by law on all issues so triable.

Respectfully submitted,

Date:   October 11, 2011

**LEDERER WESTON CRAIG** PLC

By: /s/ J. Michael Weston
      J. Michael Weston AT0008405
      118 – 3rd Avenue SE, Suite 700
      P. O. Box 1927
      Cedar Rapids, IA  52406-1927
      Telephone:  (319) 365-1184
      Facsimile:   (319) 365-1186
      E-mail:   mweston@lwclawyers.com

      Bruce W. Clark
      **DECHERT, LLP**
      Suite 500
      902 Carnegie Center
      Princeton, New Jersey 08540
      Telephone:  (609) 955-3212
      Facsimile:  (609) 873-9124
      E-mail:  bruce.clark@dechert.com

      Sean P. Wajert
      **DECHERT, LLP**
      Cira Centre, 2929 Arch Street
      Philadelphia, PA  19104-2808
      Telephone:  (215) 994-4000
      Facsimile:  (215) 994-2222
      E-mail:  sean.wajert@dechert.com

      **ATTORNEYS FOR DEFENDANT**
      **FIRMENICH INCORPORATED**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Northern District of Iowa, Cedar Rapids Division, using the ECF system which will send notification of such filing to the following:

**Counsel for Plaintiffs David and Barbara Stults**
MacDonald Smith
E-mail:  smitmcel@aol.com

 /s/ J. Michael Weston
**ATTORNEY FOR DEFENDANT**
**FIRMENICH INCORPORATED**

16