# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DAVID STULTS and BARBARA STULTS,<br><br>Plaintiffs,<br>vs.<br><br>BUSH BOAKE ALLEN, INC., and INTERNATIONAL FLAVORS & FRAGRANCES,<br><br>Defendants. | No. C11-4077-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION TO RECONSIDER** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND............................................. 2*

*II.  LEGAL ANALYSIS ...................................................................... 3*
   *A.   Standards For Reconsideration ................................................ 3*
   *B.   Waiver Issue ....................................................................... 4*
   *C.   Reconsideration Of Summary Judgment Ruling ............................ 7*
         *1.   Michigan statute of limitations ......................................... 7*
         *2.   Review of summary judgment ruling ................................. 9*
         *3.   Merger of claims ......................................................... 10*

*III. CONCLUSION ............................................................................ 13*

## I. *INTRODUCTION AND BACKGROUND*

On December 23, 2013, I granted defendant Bush Boake Allen, Inc. and International Flavors & Fragrances Inc.'s (collectively, "defendants") Joint Motion For Partial Summary Judgment on Plaintiffs' Strict Liability Claim and Joint Motion For Partial Summary Judgment as to Couints II-IV Based on Michigan's Three-Year Statute Of Limitations. On that same day, judgment was entered dismissing all of plaintiffs David Stults and Barbara Stults's claims against the defendants. In my summary judgment order, I initially determined that the substantive legal issues were governed by Michigan law. I then held that the Stults' strict liability claim was not viable because Michigan does not recognize a strict liability theory of recovery. I then went on to hold that both the Stults' negligence and breach of implied warranty claims were time barred. Finally, I also granted summary judgment as to Barbara's loss of consortium claim because it was a derivative claim that could not survive without a viable cause of action against defendants.

This case is before me on plaintiffs' Motion For Reconsideration Of Memorandum Opinion and Order Regarding Defendants' Motion For Summary Judgment (docket no. 276). The Stults assert that, under Michigan law, a statutory discovery rule found in Michigan Compiled Laws § 600.5833 applies to their implied warranty claims, and that their implied warranty claims were timely filed under that statute. Because the Stults did not raise this argument in their resistance to defendants' motion for summary judgment, I directed the Stults to file a supplemental brief addressing whether plaintiffs had waived the issue. The Stults filed their supplemental brief on January 14, 2014. Defendants filed their response to the Stults' motion to reconsider and supplemental brief on January 28, 2014. The Stults filed their reply brief on February 4, 2014. I heard telephonic oral arguments on the Stults' motion on February 19, 2014.

## II. LEGAL ANALYSIS

### A. *Standards For Reconsideration*

I turn, first, to the questions of the authority and standards for reconsideration of my conclusions in my Summary Judgment Ruling. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). There is no dispute here that the Stults' motion is timely under this rule. The rule does not state any standards for granting or denying such a motion, however.

The Eighth Circuit Court of Appeals has repeatedly explained the applicable standards, as follows:

> "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). . . ." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact. . . ." *Id*. (citation and internal quotation marks omitted).

*United States ex rel. Raynor v. National Rural Utilities Co-op. Fin. Corp.*, 690 F.3d 951, 958 (8th Cir. 2012); *Wells Fargo Bank, N.A. v. WMR e-PIN, L.L.C.*, 653 F.3d 702, 714 (8th Cir. 2011) (motions pursuant to Rule 59(e) and Rule 60(b) "'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence'" (quoting *Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008)); *Sipp v. Astrue*, 641 F.3d 975, 980-81 (8th Cir. 2011) ("As the district court explained, Rule 59(e)'s limited purpose is to allow the trial court to correct manifest errors of law or fact. *Johnson v. Chater*, 108 F.3d 942, 945 n.3 (8th Cir. 1997). The district court's denial of such a motion is reviewed for a clear abuse of discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413–14 (8th Cir. 1988)."). Somewhat more specifically, an abuse of discretion, within the scope of Rule 59(e), occurs "'where

the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors.'" *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011) (quoting *Kurka v. Iowa Cnty., IA*, 628 F.3d 953, 957 (8th Cir. 2010)).

Various district courts have recognized that a Rule 59(e) motion to "reconsider" may also be granted where the court overlooked a factual or legal *argument* presented by a party, but not where a party failed to present a relevant factual or legal argument to the court in the first instance. *See, e.g., Tiffany (NJ), L.L.C. v. Forbse*, No. 11 Civ. 4976 (NEB), 2012 WL 3686289, *5 & n.6 (S.D.N.Y. Aug. 23, 2012) (noting that Rule 59(e) was inapplicable, because the motion was decided under Local Rule 6.3, but that the standards for "reconsideration" were the same under the two rules, citing *In re Fossamax Prods. Liab. Litig.*, 815 F. Supp. 2d 649, 651 (S.D.N.Y. 2011)); *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). I find that recognizing such an error as cognizable on a Rule 59(e) motion is consistent with the sorts of abuse of discretion and error that the Eighth Circuit Court of Appeals has found sufficient to warrant relief pursuant to Rule 59(e). Specifically, doing so allows a district court the first opportunity to remedy a "manifest" oversight, *cf. Sipp*, 641 F.3d at 980-81, and failure to consider an argument of a party is at least as fundamental an error as failure to consider an important factor in the determination of an issue. *Cf. Matthew*, 639 F.3d at 863.

### B. Waiver Issue

I next take up the question of whether the Stults waived the argument they raise in their motion to reconsider. The Stults argue that waiver does not apply to their argument because they had no obligation to raise application of § 600.5833 in the first place since defendants had not argued in their motion for summary judgment that the Stults' warranty claims were barred by § 600.5833. Defendants respond that the Stults waived any

4

argument they might have regarding the relevance of § 600.5833 to defendants' motion for summary judgment by never so much as citing § 600.5833 in their resistance to defendants' motion for summary judgment.

A motion for reconsideration is not "the occasion to tender new legal theories for the first time." *Hagerman*, 839 F.2d at 414 (citation omitted). The Eighth Circuit Court of Appeals has repeatedly held that "a party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." *Cole v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 533 F.3d 932, 936 (8th Cir. 2008); *see, e.g., Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006); *O.R.S. Distilling Co. v. Brown–Forman Corp.*, 972 F.2d 924, 926 (8th Cir. 1992). This principle applies equally here. Thus, in a motion to reconsider, a party may not rely on an argument that could have been-but was not-presented to me before I entered my summary judgment order. This principle requires me to briefly review the burdens arising from a summary judgment motion.

"A movant for summary judgment bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact." *Gannon Intil, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012); *see Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Blocker*, 684 F.3d at 792; *see Torgerson*, 643 F.3d at 1042. The Eleventh Circuit Court of Appeals has further observed that: "When a party moves for final, not partial, summary judgment, we have stated that "it [becomes] incumbent upon the [nonmovant] to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment

in [the moving party's] favor.'" *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (quoting *Johnson v. Board of Regents*, 263 F.3d 1234, 1264 (11th Cir. 2001)).

Here, defendants filed a Joint Motion For Partial Summary Judgment As To Counts II-IV Based on Michigan's Three-Year Statute Of Limitations. Defendants did not identify any specific Michigan statute of limitations in the text of their motion for summary judgment. In their accompanying brief, however, defendants stated that they were seeking summary judgment based on Michigan Compiled Laws § 600.5827 and the decision in *Trentadue v. Buckler Automatic Lawn Sprinkler Co.*, 738 N.W.2d 664, 672 (Mich. 2007) (holding that there is no common law discovery rule for claims governed by § 600.5827). Thus, defendants' motion for summary judgment was focused on application of § 600.5827 to the Stults' claims. Defendants specifically argued that the Stults' negligence claims were barred by application of § 600.5827 and the *Trentadue* decision. Defendants next argued that the Stults' implied warranty claims should be treated as "duplicative" of the Stults' negligence claims and "thus, it cannot survive summary judgment for the same reasons addressed immediately above." Summary Judgment Mot. at 13. Thus, again, the focus of defendants' motion for summary judgment was on application of § 600.5827 and the *Trentadue* decision. Defendants did not assert in their summary judgment motion that Michigan Compiled Laws § 600.5833, which contains a discovery rule for breach of warranty claims, applied to any of the Stults' warranty claims, or argue that the Stults' warranty claims were barred by § 600.5833. Defendants' only reference to § 600.5833, and, indeed, the only reference to § 600.5833 in any party's brief, was in a nebulas footnote at the end of defendants' opening brief stating:

> In those circumstances where a personal injury breach of warranty claim is independent from a negligent design claim, *see Prentis*, 421 Mich. at 692 n.30, a statutory discovery rule exists under Michigan law. M.C.L. § 600.5833 ("In actions

6

> for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered."). Of course, these circumstances are not present in this case.

Defendants' Br. at 14 n.6.

Given defendants' exclusive focus on § 600.5827, and the parties' apparent unspoken but shared assumption that the Stults' warranty claims were timely under § 600.5833, the Stults understandably focused their response exclusively on § 600.5827 and defendants' waiver theory. The better practice, however, would have been to provide a thorough and extensive overview of Michigan's statute of limitations law, including application of § 600.5833's discovery rule for breach of warranty claims, before responding to the arguments advanced in defendants' motion. This approach would have avoided further confusion in an already complicated area of the law. Nonetheless, under the unusual circumstances presented here, I conclude that the Stults have not waived the argument they raise in their motion to reconsider.

### C. Reconsideration Of Summary Judgment Ruling

#### 1. *Michigan statute of limitations*

Under Michigan law, the statute of limitations in negligence and product liability actions is three years. *See* MICH. COMP. LAWS §§ 600.5805(10), 600.5805(13).[1] In

---

[1] Michigan Compiled Law § 600.5805(10) provides:

> Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property.

MICH. COMP. LAWS § 600.5805(10). Michigan Compiled Law § 600.5805(13), in turn, states:

7

general, "the period of limitations runs from the time the claim accrues." MICH. COMP. LAWS § 600.5827. Historically, Michigan's discovery rule governed the date of accrual for certain types of actions. *See Moll v. Abbott Labs.*, 506 N.W.2d 816 (Mich. 1993). Under the discovery rule, the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, an injury and the causal connection between that injury and the defendant's breach of a duty. *Id.* at 824; *see Trentadue v. Buckler Automatic Lawn Sprinkler Co.*, 738 N.W.2d 664, 670 (Mich. 2007). The rationale for Michigan's discovery rule is to avoid extinguishing a cause of action before the plaintiff is even aware of the possible cause of action, due the latent nature of a plaintiff's injury or an inability to discover the causal connection between the injury and a defendant's breach. *See Lemmerman v. Fealk*, 534 N.W.2d 695, 698 (Mich. 1995). Michigan's discovery doctrine historically applied to the determination of when a cause of action accrues for latent injuries in a product liability action. See *Moll*, 506 N.W.2d at 669; *Southgate Sch. Dist. v. West Side Constr. Co.*, 247 N.W.2d 884, 888 (Mich. 1976).

As noted above, in *Trentadue v. Buckler Automatic Lawn Sprinkler Co.*, 738 N.W.2d 664 (Mich. 2007), however, the Michigan Supreme Court held that Michigan's limitations statute abrogated the common law discovery rule. *Id.* at 671–672. Although the Michigan statute, MICH. COMP. LAWS § 600.5827, does not explicitly address the common law discovery rule, the Michigan Supreme Court held that the Michigan legislature intended to occupy the field by enacting the limitations statute. *Id.* at 671.

---

> The period of limitations is 3 years for a products liability action. However, in the case of a product that has been in use for not less than 10 years, the plaintiff, in proving a prima facie case, shall be required to do so without benefit of any presumption.

Mich. Comp. Laws §§ 600.5805(13).

8

Thus, the court reasoned, "an extrastatutory discovery rule" would contravene legislative intent. *Id*. at 672. The *Trentadue* court made clear that its holding was based on "the language of the entire 'statutory scheme' governing statutes of limitations and particularly the plain language of Mich. Comp. Law § 600.5827, which applies to both wrongful death and products liability actions." *Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 817 (E.D. Mich. 2008) (citing *Trentadue*, 738 N.W.2d at 671–72) (footnote omitted)).

### 2. *Review of summary judgment ruling*

In my summary judgment ruling, I concluded that application of § 600.5827 and *Trentadue* to this case required the conclusion that all of the Stults' products liability claims were time-barred. This analysis, however, has a flaw. Michigan Compiled Laws § 600.5833 tolls the accrual of the statute of limitations for breach of warranty claims until the breach is discovered. *See Cullender v. BASF Wyandotte Corp.*, 381 N.W.2d 737, 739-40 (Mich. Ct. App. 1985) (holding that breach of warranty claim did not accrue until the plaintiff "either discovered or, through reasonable diligence, should have discovered the he had a possible cause of action."). Section 600.5833 states: "In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered." MICH. COMP. LAWS § 600.5833. Thus, under § 600.5833, the statute of limitations on the Stults' implied warranty claims did not begin to run until the Stults knew or should have known that there was a causal connection between David's alleged injuries and defendants' product. *See Cullender*, 381 N.W.2d at 739-40   David was not diagnosed with bronchiolitis obliterans until 2009. Therefore, the Stults could not have reasonably discovered that they had a possible cause of action until that time. The Stults filed their Complaint on August 24, 2011. Thus, absent merger of the Stults' negligence and breach of warranty claims, the Stults' breach of warranty claims were timely filed under the

9

statutory discovery rule in § 600.5833. Therefore, I must determine whether the Stults' breach of implied warranty claims merged with their negligence claims.

### 3. *Merger of claims*

In arguing that merger occurred, defendants rely on the Michigan Supreme Court's decision in *Prentis v. Yale Manufacturing Co.*, 365 N.W.2d 176 (Mich. 1984). In *Prentis*, the plaintiff sought damages for injuries suffered in an accident involving a hand-operated forklift. *Id*. at 177. The plaintiff brought suit alleging both negligence and breach of implied warranty claims. *Id*. The trial court refused to instruct the jury on breach of warranty, but instructed on the theory of negligent design. The jury returned "a verdict of no cause of action." *Id*. at 178. The Michigan Court of Appeals reversed, holding that the failure to give the plaintiff's requested instruction was reversible error. *See Prentis v. Yale Mfg. Co.*, 323 N.W.2d 444, 446 (Mich. Ct. App. 1982). The Michigan Supreme Court reversed the Michigan Court of Appeals and reinstated the trial court's judgment. P*rentis*, 365 N.W.2d at 187. The court held that where a products liability action against a manufacturer is based upon defective design, the jury need only be instructed on a single unified theory of negligent design. *Id*. The court explained that:

> This holding is based upon the recognition that under the common law of products liability, in an action against the manufacturer of a product based upon an alleged defect in its design, "breach of implied warranty and negligence involve identical evidence and require proof of exactly the same elements."

*Id*. at 186. The court further reasoned that because the plaintiff's evidence at trial focused on the single claim that the defendant "defectively designed" the forklift by failing to provide a seat or platform for the operator, the factual inquiry and the legal inquiry were indistinguishable and that "instructions on both would only confuse the jury." *Id*. at 187.

Thus, in that context, the Michigan Supreme Court concluded that the trial court's refusal to instruct on breach of warranty was not error. *Id.*

I conclude that the *Prentis* decision does not necessitate the merger of the Stults' negligence and implied warranty claims pretrial. First, in *Prentis*, the Michigan Supreme Court explicitly recognized that negligence and implied warranty claims remained two separate and viable causes of action, stating "[w]e do not suggest that implied warranty and negligence are not separate and distinct theories of recovery, or that the Michigan products liability statute has merged all former products liability theories or causes of action into a single unified 'products liability theory.'" *Prentis v. Yale Mtg. Co.*, 365 N.W.2d 176, 186 (1984) (citations and footnote omitted). This statement in *Prentis* remains an accurate statement of Michigan law in light of the post–*Prentis* decisions of Michigan courts continuing to recognize the viability of both implied warranty and negligence theories of recovery under Michigan products liability law. For example, in *Bouverette v. Westinghouse Elec. Corp.*, 628 N.W.2d 86 (Mich. Ct. App. 2001), the Michigan Court of Appeals flatly declared that "the theories of negligence and implied warranty remain separate causes of action with different elements." *Id.* at 90; *see Kenkel v. Stanley Works*, 665 N.W.2d 490, 496 (Mich. Ct. App. 2003) (holding that plaintiff's concession that automated sliding glass doors were neither negligently designed nor negligently manufactured was not fatal to her claim of breach of implied warranty against manufacturer); *see also Ludwig v. Dick Martin Sports, Inc.*, No. 242,758, 2003 WL 22736591, at *2 (Mich. Ct. App. Nov. 20, 2003) ("Negligence and breach of implied warranty may involve the same elements and proofs in certain factual contexts underlying a failure to warn, even though these two theories remain separate causes of action."), *rev'd on other grounds*, 680 N.W.2d 420 (Mich. 2004) (unpublished table decision).

If *Prentis* was a recent decision, defendants' argument might have more traction. *Prentis*, however, is a 30 year old decision and this body of law, developed in the interim,

has continued to recognize the viability of both implied warranty and negligence theories under Michigan law. Moreover, several federal district courts have likewise concluded that both implied warranty and negligence remain viable theories of recovery under Michigan products liability law post-*Prentis*. *See State Farm Fire & Cas. Co. v. Conair Corp.*, 833 F. Supp.2d 713, 721-22 (E.D. Mich. 2011) (denying defendant's claim that plaintiff's implied warranty and negligent design/negligent manufacture theories merged under Michigan law); *Norton v. Auto Club Group Ins. Co.*, No. 04–40376, 2009 WL 884129, at *15–*21 (E.D. Mich. Mar. 30, 2009) (rejecting defendant's argument that the elements of a breach of implied warranty claim and negligence-based product liability claim had been merged under Michigan's products liability statute and concluding "that plaintiff is not required to present evidence on all elements of a negligence products liability claim to sustain its claim for breach of warranty under Michigan law."); *see also Auto Club Group Ins. Co. v. All–Glass Aquarium Co.*, 716 F. Supp.2d 686, 689–90 (E.D. Mich. 2010) (noting that both negligence and implied warranty are separate viable theories of recovery available under Michigan law, and the distinct elements required for these two theories); *Istvan v. Honda Motor Co., Ltd.*, No. 08-12507, 2010 WL 1254844, at *5 (E.D. Mich. Mar. 25, 2010) ("Claims of breach of implied warranty and negligence in manufacturing or design may require the same proofs in certain circumstances. However, 'the theories of negligence and implied warranty remain separate causes of action with different elements.'") (quoting *Kenkel*, 665 N.W.2d at 496) (internal quotation marks omitted)); *Citizens Ins. Co. v. Marubeni Citizen-Cinom, Inc.*, No. 1: 05-CV-476, 2006 WL 2972596, at *2 (W.D. Mich. Oct. 16, 2006) (recognizing that "[a]lthough negligence and breach of implied warranty may, in certain factual contexts, involve the same elements and proofs, the theories of negligence and implied warranty remain separate causes of action with different elements."). Thus, I conclude that the Stults' breach of implied warranty claims did not merge with their negligence claims and

I grant the Stults' motion to reconsider. Therefore, I reverse that part of my December 24, 2013, order granting summary judgment to defendants on the Stults' implied warranty claims. Having reversed that part of my summary judgment order, I also reverse my conclusion that Barbara's derivative loss of consortium claim fails as a matter of law.

### III.  CONCLUSION

For the reasons discussed above, I conclude that the Stults' breach of implied warranty claims did not merge with their negligence claims and I grant the Stults' motion to reconsider. Therefore, I reverse that part of my December 24, 2013, order granting summary judgment to defendants on the Stults' implied warranty claims and Barbara's loss of consortium claim. This case will proceed to trial on Counts III and IV. The parties are to contact my legal assistant, Jennifer Gill, at jennifer_gill@iand.uscourts.gov, to select a trial date.

**IT IS SO ORDERED**.

**DATED** this 25th day of February, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA