# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DAVID STULTS and BARBARA STULTS,<br><br>          Plaintiffs,<br>vs.<br><br>INTERNATIONAL FLAVORS AND FRAGRANCES, INC. and BUSH BOAKE ALLEN, INC.,<br><br>          Defendants. | No. C11-4077-MWB<br><br>**ORDER CLARIFYING CLAIMS PROCEEDING TO TRIAL** |

      On December 24, 2013, I granted Defendants' Joint Motion For Partial Summary Judgment on Plaintiffs' Strict Liability Claim (docket no. 274). I also granted defendants' Joint Motion For Partial Summary Judgment as to Counts II-IV Based on Michigan's Three-Year Statute Of Limitations. In my summary judgment order, I initially determined that the substantive legal issues were governed by Michigan law. I then held that Plaintiffs' strict liability claim was not viable because Michigan does not recognize a strict liability theory of recovery. I then went on to hold that both the Stultses' negligence claims (including "defective design" and "defective warning" claims) and breach of implied warranty claim were time barred. I also granted summary judgment as to plaintiff Barbara Stults's loss of consortium claim because it was a derivative claim that could not survive without a viable cause of action against Defendants. Finally, I found that my decision rendered both Defendants' Joint Motion For Partial Summary Judgment Regarding Failure To Warn (docket no. 156) and Joint Motion For Partial Summary Judgment On Plaintiffs' Negligence (Design Defect) and Breach of Implied Warranty Claim (docket no. 161) moot.

Plaintiffs subsequently filed a motion to reconsider. In their motion, the Stultses argued, under Michigan law, a statutory discovery rule found in Michigan Compiled Laws § 600.5833 applies to their implied warranty claims, also that their implied warranty claims were timely filed under that statute. On February 25, 2014, I granted the Stultses' motion to reconsider (docket no. 286). I concluded that Michigan Compiled Laws § 600.5833 tolls the accrual of the statute of limitations for breach of warranty claims until the breach is discovered. I further found that, because David was not diagnosed with bronchiolitis obliterans until 2009, the Stultses could not have reasonably discovered that they had a possible cause of action until that time. Since the Stultses filed their Complaint on August 24, 2011, absent merger of the Stultses' untimely negligence claim and breach of warranty claim, the Stultses' breach of warranty claim was timely filed under the statutory discovery rule in § 600.5833. Finally, I determined that the Stultses' breach of implied warranty claim did not merge with their negligence claims pretrial. Therefore, I reversed that part of my December 24, 2013, order granting summary judgment to Defendants on the Stultses' implied warranty claims. Having reversed that part of my summary judgment order, I also reversed my conclusion that Barbara's derivative loss of consortium claim fails as a matter of law. I noted in the conclusion that: "This case will proceed to trial on Counts III and IV." Memorandum Opinion And Order Regarding Plaintiffs' Motion To Reconsider at 13.

On May 23, 2014, the parties contacted me via email and indicated that they viewed my February 25th order as having the effect of reviving both defendants' Joint Motion For Partial Summary Judgment Regarding Failure To Warn and Joint Motion For Partial Summary Judgment On Plaintiffs' Negligence (Design Defect) and Breach of Implied Warranty Claim. Those motions did not address the timeliness of the Stultses' failure to warn and design defect claims. On July 11, 2014, I ruled on the merits of both motions, notwithstanding my prior determination that the design defect and defective

2

warning claims were time barred. I did not consider the timeliness of the Stultses' failure to warn and design defect claims at all.

In reviewing the case in preparation for trial, I have determined that my February 25th order revived only the Stultses' breach of implied warranty claim and Barbara's loss of consortium claim. As I explained in my February 25th order, Michigan Compiled Laws § 600.5833 tolls the accrual of the statute of limitations for breach of warranty claims until the breach is discovered. Thus, under § 600.5833, the statute of limitations on the Stultses' implied warranty claim did not begin to run until the Stultses knew or should have known that there was a causal connection between David's alleged injuries and Defendants' products. However, this discovery rule is limited to the Stultses' implied warranty claim and does not apply to the Stultses' negligence claims for defective design and defective warning. S*ee Trentadue v. Buckler Automatic Lawn Sprinkler Co.*, 738 N.W.2d 664, 671-72 (Mich. 2007) (holding that Michigan's limitations statute abrogated the common law discovery rule). As I pointed out in my December 24th order:

> Application of Michigan Compiled Law § 600.5827 and *Trentadue*, here, requires the conclusion that the Stults' negligence . . . claims are time-barred. The relevant statutory period for products liability claims is three years and that period began to accrue when the wrong occurred or, more specific to this case, when David ate microwave popcorn containing the Flavoring Defendants' butter flavorings containing diacetyl. *See Smith v. Stryker Corp.*, No. 294916, 2011 WL 445646, at *1 (Mich. Ct. App. Feb. 8, 2011) (holding in products liability case that the "wrong occurred" during plaintiff's use of the product).
>
> It is undisputed that the only brand of microwave popcorn David ate that contained any of the Flavoring Defendants' butter flavorings containing diacetyl was ConAgra's Orville Redenbacher Butter. The Flavoring Defendants stopped selling butter flavorings containing diacetyl, including the Orville Redenbacher flavorings, by

3

> January 2005. The summary judgment record does not disclose the last time David ate microwave popcorn containing butter flavorings with diacetyl. Even assuming, for the sake of argument, that David purchased and ate some of the last Orville Reddenbacher Butter microwave popcorn containing the Flavoring Defendants' butter flavorings containing diacetyl, the Stults' negligence . . . claims accrued, collectively, at some point in 2005. Therefore, the Stults' August 24, 2011, negligence . . . claims are time barred under Michigan law.

*Stults v. Symrise, Inc.*, ___ F. Supp.2d ___, 213 WL 6815062, at *26 (N.D. Iowa Dec., 24, 2013). Thus, the Stultses' negligence claims are untimely. Accordingly, this case will proceed to trial only on Counts III and IV, the Stultses' breach of implied warranty and loss of consortium claims.

**IT IS SO ORDERED**.

**DATED** this 29th day of July, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA